UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRACE AKINLEMIBOLA,<br><br>                      Plaintiff,<br>     v.<br><br>ORA DENTAL STUDIOS,<br><br>                      Defendant. | CASE NO. C18-1554JLR<br><br>ORDER DISMISSING ACTION |

## I.    INTRODUCTION

Before the court is *pro se* Plaintiff Grace Akinlemibola's complaint. (Compl. (Dkt. # 4)). Ms. Akinlemibola is proceeding *in forma pauperis* ("IFP"). (IFP Order (Dkt. # 3) at 1). Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

//

§ 1915(e)(2); *see also id.* § 1915A(b)(1).  As discussed below, Ms. Akinlemibola's complaint falls within the category of pleadings that the court must dismiss.

## II.     BACKGROUND

On October 22, 2018, Ms. Akinlemibola filed a motion for leave to proceed IFP (IFP Mot. (Dkt. # 1)) and a proposed complaint (Dkt. # 1-1).  On October 23, 2018, Magistrate Judge Brian A. Tsuchida granted Ms. Akinlemibola's IFP motion, and her complaint was filed on the court's docket the same day.  (IFP Order; Compl.)  In his order, Magistrate Judge Tsuchida recommends review of Ms. Akinlemibola's complaint under 28 U.S.C. § 1915(e)(2)(B).  (IFP Order at 1.)

Ms. Akinlemibola's complaint names Ora Dental Studios ("Ora") as the sole defendant.  (*See* Compl. at 1.)  Ms. Akinlemibola alleges that Ora is a "multi-million (perhaps billion) dollar dental practice with multiple offices throughout Chicago, Illinois" and is incorporated and headquartered in Illinois. (*Id.* at 2.)  Ms. Akinlemibola states that in 2010, she obtained a set of veneers through an Ora office in the Chicago area.  (*Id.* at 3.)  Initially, Ms. Akinlemibola was satisfied with Ora's services; "[f]or the first six and a half to seven years, [she] did not have any issues with her veneers." (*Id.*)  Ms. Akinlemibola alleges that since 2017, however, one veneer has "cracked, broken, and [come] off approximately four times." (*Id.*)  Ms. Akinlemibola states that initially, "[e]ach time the veneer cracked and came off, [she] would immediately reach out to Dr. [Goran] Kralj," an Ora dentist, who "would allow her to come into his office the next day to get it fixed and have her come back for follow-through or replacing it . . . ." (*Id.* at
//

3-4.) Ms. Akinlemibola observes that the problematic veneer corresponds to a tooth that is "oddly shaped and smaller and more pointed than [her] other teeth." (*Id.* at 4.)

Ms. Akinlemibola alleges that she most recently experienced problems with the veneer after she relocated to Seattle, Washington and became homeless. (*Id.*) She states that again, the veneer "cracked and came out of [her] mouth" while she was eating. (*Id.*) Ms. Akinlemibola attests that she emailed Ora to inform them of the incident and "expressed that it was 'not normal' for the same veneer to have continued to come out without some type of defect or issue." (*Id.*). In her email, Ms. Akinlemibola explained that she was facing "an already-adverse situation" and was concerned that the absent veneer created a "snaggletooth-look" that aggravated her difficult circumstances. (*Id.* at 4.) Ms. Akinlemibola states that she requested that Ora "pay for a new veneer, a roundtrip flight to Chicago to get it fixed . . . , and insurance from [Ora] that the veneer would not keep coming out in the future along with a promise to fix it again if it happens again." (*Id.* at 5.) According to Ms. Akinlemibola, Ora agreed to "pay for the cost to fix her tooth if she found her way to Chicago." (*Id.*) Ms. Akinlemibola alleges that when she informed Ora she could not afford a flight to Chicago, Ora refused to "pay for an exam or consultation for a dentist in Seattle" but offered to forward her dental records. (*Id.* at 5-6.)

Ms. Akinlemibola now brings claims against Ora for negligence, intentional infliction of emotional distress, and "negligent interference with economic advantage." (*Id.* at 6.) Ms. Akinlemibola alleges that she "has suffered a damage to her veneer, loss of economic advantage, and emotional injuries." (*Id.*) She seeks compensatory and

punitive damages and "such other and further relief as the [c]ourt deems just and proper." (*Id.* at 7.)

### III.   ANALYSIS

**A.   Dismissal under 28 U.S.C. § 1915(e)(2)(B)**

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss "at any time" a claim filed IFP if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief.[1] *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). An IFP complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555. Additionally, an IFP complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(1)(2). Although Rule 8's pleading standard does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

---

[1] Although 28 U.S.C. § 1915 addresses the filings of prisoner litigants, the court may also properly screen the filings of non-prisoner civil litigants seeking to proceed IFP. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

*Pro se* pleadings must be liberally construed. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Although "the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than normal pleadings drafted by lawyers,'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), a court may dismiss a *pro se* plaintiff's complaint where "a liberal construction does not remedy the palpable deficiencies in [the] complaint," *Wallmuller v. Russell*, No. C14-5121RBL-JRC, 2014 WL 2475978, at *2 (W.D. Wash. June 3, 2014).

The court finds that liberally construed, Ms. Akinlemibola's complaint fails to state a claim against Ora for negligence. Ms. Akinlemibola alleges that "[v]eneers are expected to last between 10 and 15 years before needing cosmetic repair or full replacement." (Compl. at 3.) She appears to argue that because one of her veneers cracked approximately seven years after it was placed, it follows that the veneer suffered "some type of defect or issue" for which Ora is liable. (*Id.* at 3-4.) Yet Ms. Akinlemibola alleges no facts that suggest that Ora itself acted negligently when placing or repairing the veneer. Nor does she allege facts capable of showing that Ora's conduct actually caused her dental problems. (*See generally* Compl.) Ms. Akinlemibola's allegations are thus inadequate to plausibly establish Ora's negligence or raise Ms. Akinlemibola's "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

Similarly, the court finds that Ms. Akinlemibola fails to state a claim against Ora for intentional infliction of emotional distress. Ms. Akinlemibola appears to suggest that

she has suffered emotional distress as a result of Ora's refusal to pay for a roundtrip flight to Chicago, as well as various indignities that have accompanied the broken veneer. (*See* Compl. at 3-6.) The court does not question that Ms. Akinlemibola has experienced distress as a result of her dental problems. But her complaint's factual matter is insufficient to show that Ora exhibited extreme and outrageous conduct and intentionally or recklessly subjected her to emotional distress. *See, e.g.*, *Christian v. Tohmeh*, 366 P.3d 16, 30 (Wash. Ct. App. 2015) (noting that a plaintiff who seeks to establish a prima facie case of intentional infliction of emotional distress must show (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to the plaintiff of severe emotional distress). To the contrary, Ms. Akinlemibola's complaint suggests that Ora repaired the broken veneer multiple times, provided follow-up care, and agreed to fix the veneer, free of charge, if she travelled to Chicago. (*See* Compl. at 3-5.)

Finally, the court finds that Ms. Akinlemibola fails to state a claim against Ora for "negligent interference with economic advantage." (*Id.* at 6.) Ms. Akinlemibola summarily states that her "dealings" with Ora have caused her to suffer "loss of economic advantage," and appears to argue that the broken veneer has aggravated her adverse economic circumstances. (*Id.* at 5-6.) Ms. Akinlemibola alleges no specific facts capable of supporting a theory that Ora tortiously interfered with her economic relationships or expectations, however. Her "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to state a claim. *See Ashcroft*, 556 U.S. at 678.

Accordingly, the court dismisses Ms. Akinlemibola's complaint pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**B.     Leave to Amend the Complaint**

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Ms. Akinlemibola 14 days to file an amended complaint that corrects the pleading deficiencies identified herein.[2] In order to overcome the deficiencies, she must allege sufficient factual matter to place Ora on notice of the grounds on which her claims rest. *Twombly*, 550 U.S. at 555-56. If Ms. Akinlemibola fails to timely comply with this order or fails to file an amended complaint that remedies the aforementioned deficiencies, the court will dismiss her complaint without leave to amend.

### IV.     CONCLUSION

For the foregoing reasons, the court DISMISSES Ms. Akinlemibola's complaint (Dkt. # 4) for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The court

//
//
//
//

---

[2] The court cautions Ms. Akinlemibola that an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).

GRANTS Ms. Akinlemibola leave to file an amended complaint within 14 days of the filing of this order.

Dated this 25th day of October, 2018.

The Honorable James L. Robart
U.S. District Court Judge